UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 30, 2006

Memo to Counsel Re: MDL-15863, MFS Subtrack
*Riggs v. Massachusetts Financial Services Co., et al.*,
Civil No. JFM-04-1162

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant Trout Trading Management Company Ltd.'s ("Trout") motion for reconsideration of my decision to deny its motion to dismiss. The motion will be denied.

As I stated in the *Janus* opinion, "[m]arket timing . . . is not illegal *per se*." *In re Mutual Funds Invest. Litig.*, 384 F. Supp. 2d 845, 856 (D. Md. 2005). However, market timing "nevertheless is prohibited by Rule 10b-5 if it is engaged in by *favored market insiders* at the expense of long-term mutual fund investors from whom it is concealed and who have a right to rely upon its prevention by fund advisers' and managers' good faith performance of their fiduciary obligations." *Id*. (emphasis added). Trout argues that the allegations contained in plaintiff's complaint are insufficient under Rule 9(b) and the PSLRA to establish that Trout did anything more than engage in "plain, unadorned market timing." I disagree.

The complaint alleges that Trout was a client of the broker/dealer Brean Murray, and that Brean Murray negotiated and secured market timing capacity in MFS mutual funds for Trout in

exchange for a commitment from Trout to deposit "sticky assets."[1] (*See* Compl. ¶¶ 43-45, 120-22). It is true that the complaint contains more factual specificity about the market timing conducted by two of the other trader defendants, Canary Capital Partners and Security Brokerage, Inc. (*Id*. ¶¶ 107-15). However, just as I decided that the three paragraphs addressing the other trader defendant, Wilshire Associates, Inc., were sufficient to survive the motion to dismiss, so too do I believe that the allegations concerning Trout are likewise sufficient. (*Id*. ¶¶ 42, 116-17; Transcript of Teleconference held on February 9, 2006, at 13:14-20, 16:21-22).

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge

---

[1] Contrary to Trout's contention, the complaint does indeed allege that MFS approved the market timing deals proposed by Brean Murray. (Compl. ¶ 122 ("Moreover, MFS's senior executives were aware of, *and approved*, the agreements with Brean Murray.") (emphasis added)).