UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| CHAMBERS OF<br>J. FREDERICK MOTZ<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-0782<br>(410) 962-2698 FAX |
|---|---|

August 11, 2006

Re: *In re Mutual Funds Invest. Litig.*
MDL-15863

*Riggs v. Massachusetts Fin. Servs. Co., et al.*
Civil No. JFM-04-1162

Dear Counsel:

I have reviewed the memoranda submitted in connection with the motion for certification of my May 30, 2006 order for interlocutory appeal filed by Trout Trading Management Company Ltd., now known as Tewksbury Capital Management Ltd. ("TCM"). The motion is denied.

It is not clear to me that my ruling denying TCM's motion to dismiss is inconsistent with *SEC v. PIMCO Advisors Fund Mgmt. LLC*, 341 F. Supp. 2d 454 (S.D.N.Y. 2004); *SEC v. Tambone*, 417 F. Supp. 2d 127 (D. Mass. 2006); or *Simpson v. AOL Time Warner, Inc.*, 2006 W.L. 1791042 (June 30, 2006). I understand that TCM contends that the critical holding in these cases is that as a matter of law no liability may attach to a defendant accused of entering into undisclosed market timing agreements if that defendant owed no fiduciary or disclosure obligations to mutual fund investors. It appears to me that TCM's reading of these cases may be overbroad. Each of them involved a defendant or series of defendants who played limited roles in the accomplishment of the allegedly fraudulent scheme. Here, I have found that the allegations are sufficient to support an inference that TCM was an "architect" of the allegedly fraudulent scheme and a direct beneficiary of it. *Cf. Simpson*, 2006 W.L. 1791042, at \*39 ("There are no allegations that L90 helped to create or concoct this scheme . . ."); *Tambone*, 417

F. Supp. 2d at 137 ("In determining whether silence or inaction was accompanied by conscious intent to assist the primary violation, courts must determine whether the defendant threw 'in his lot with the primary violators' and 'benefitted' from the alleged silence.") (quoting *Austin v. Bradley, Barry & Tarlow, P.C.*, 836 F. Supp. 36, 39-40 (D. Mass. 1993)).  Thus, I believe that a factual record should be established through discovery concerning TCM's role in the alleged scheme.

In any event, I am not persuaded that an interlocutory appeal would materially advance the ultimate termination of this litigation.  To the contrary, it might result in needless obstruction and/or delay of the discovery process.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

        Very truly yours,

        /s/
        J. Frederick Motz
        United States District Judge